IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA COHN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-1362 |
| | § | |
| FIESTA MART, LLC, | § | |
| *Defendant.* | § | |
| | § | |

## DEFENDANT FIESTA MART, LLC'S NOTICE OF REMOVAL

Defendant Fiesta Mart, LLC ("Fiesta") hereby removes this action from the County Court No. 2 of Harris County, Texas to the United States District Court for the Southern District of Texas—Houston Division pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Fiesta states as follows:

## I.
## Facts

1. On March 17, 2021, Plaintiff Barbara Cohn ("Plaintiff") filed a lawsuit in the County Court at Law No. 2 of Harris County, Texas, styled *Barbara Cohn v. Fiesta Mart, LLC* and bearing Cause No. 1166205.[1] Importantly, Plaintiff refiled her lawsuit after her initial filing had been removed to federal court and Judge Rosenthal denied her motion to remand[2] then subsequently dismissed his case without prejudice.[3]

---

[1] *See generally* Exhibit 3: Plaintiff's Original Petition.

[2] Exhibit 6: Order Denying Motion to Remand.

[3] Exhibit 7: Order of Dismissal.

2. Plaintiff seeks to recover damages arising from an alleged incident that occurred on June 11, 2020 at Fiesta's store.[4] Plaintiff seeks damages for negligence because she alleges she "was seriously injured as a result of a dangerous condition in that he slipped and fell on a wet floor."[5] She seeks to recover "monetary relief of less than $74,500.00."[6]

## II.
## Timeliness of Removal and Consent of Defendant

3. Fiesta was served on March 30, 2021.[7] Fiesta timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1).

4. Fiesta is the single defendant in this suit and, accordingly, no other defendants are necessary to join in, or consent to, this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## III.
## Venue

5. The County Court at Law No. 2 of of Harris County, Texas is located within the Southern District of Texas—Houston Division. Venue for removal is proper in this district pursuant to 28 U.S.C. § 1446(a) because the state court in which this action has been pending is located in this district and division.

## IV.
## Diversity Jurisdiction

6. A civil action initially filed in a state court is removable if the action is one over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the amount in controversy

---

[4] *See* Exhibit 3, ¶ 10.

[5] *See id.* at ¶ 11.

[6] *Id.* at ¶ 6.a.

[7] Exhibit 4: Executed Citation for Fiesta.

exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

7. This action is removable because (1) this action is between a citizen of Texas and a citizen of different states (Delaware and California) and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

**A. Diversity of Citizenship**

8. Diversity exists when the amount in controversy is $75,000 and the citizenship of each plaintiff is diverse from the citizenship of each defendant. 28 U.S.C. § 1332(a)(1).

*i. Plaintiff's citizenship*

9. Plaintiff alleges she is a resident of Texas.[8]

10. Accordingly, Fiesta is informed and believes that Plaintiff was a citizen of the State of Texas at the time he filed and served his Petition, and that Plaintiff continues to be a citizen of the State of Texas as of the filing of this Notice of Removal. *See Stine v. Moore*, 213 F.2d 446, 488 (5th Cir. 1954).

*ii. Fiesta's citizenship*

11. Fiesta is a citizen of the State of Delaware and the State of California. Fiesta is now, and was at the time the case commenced, diverse in citizenship from Plaintiff.

12. Fiesta is a limited liability company. Its citizenship is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

13. As explained in the affidavit of Mr. Michael Saltzstein, the sole member of Fiesta Mart, LLC is Bodega Latina Corp.[9] Bodega Latino Corp. is a corporation incorporated under the

---

[8] *See id.* at ¶ 2.

[9] Exhibit 10: Affidavit of Michael Saltzstein, ¶ 3

3

laws of the State of Delaware with its principal place of business, now and when the case commenced, in California.[10]

14. The corporate structure of Fiesta has not changed since the time Mr. Saltzstein's affidavit was executed. Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware and California and of no other state. *See Harvey*, 542 F.3d at 1080.

15. Thus, complete diversity exists as the parties are citizens of different states. 28 U.S.C. § 1332(a)(1).

**B. The Amount In Controversy Exceeds $75,000.**

*i. Plaintiff's damages allegation does not control*

16. Fiesta demonstrates herein that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). While the amount is controversy is ordinarily established on the face of the complaint, the pleading will not control if made in bad faith. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). Stated another way, when a plaintiff, as Plaintiff does in her pleading, specifically alleges damages below $75,000, "the inquiry . . . does not end merely because the plaintiff alleges damages below the threshold." *Id.*

17. Plaintiff pleads only that she "seeks monetary relief of less than $74,500.00."[11] This pleading contravenes the Texas Rules of Civil Procedure, which require that an original pleading "shall contain . . . a statement that the party seeks" one of five forms of relief, none of which are merely pleading below the federal jurisdictional amount. TEX. R. CIV. P. 47(c). "[T]actical manipulation" in evading federal jurisdiction by virtue of pleading is bad faith. *See De*

---

[10] *Id.*

[11] Exhibit 3, ¶ 6.a.

4

*Aguilar*, 47 F.3d at 1410.

18. As echoed by the Fifth Circuit, "if the prayer for relief must be ignored under applicable principles of law and plaintiff can, therefore, recover more on his state claim than the jurisdictional minimum, the case is removable." *Id.* Accordingly, "if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount" by a preponderance of the evidence, the case is removable. *Id.* at 1410–1411.

19. Plaintiff's allegation that her claim does not exceed $74,500 "contravenes Texas state court rules and would not have bound Plaintiff to recover less than $75,000; it serves solely to avoid federal jurisdiction." *Martinez v. Liberty Ins. Corp.,* No. H-19-3936, 2019 WL 6894497, at *2 (S.D. Tex. Dec. 18, 2019); *see also Garcia v. Kellogg USA, Inc.,* No. 7:13-CV-00347; 2013 WL 4735169, at *1–2 (S.D. Tex. September 3, 2013) ("Plaintiff's demand cannot be deemed the amount in controversy" when it does not comply with Texas practice). "Plaintiff's statement, by itself, is not sufficient to limit the amount in controversy and defeat diversity jurisdiction." *Zubie Wear v. Am. Time Mfg. Ltd.*, No. SA–12–CV–763–XR, 2012 WL 6629603, at *2 (W.D. Tex. Dec. 19, 2012). Plaintiff's statement that she is seeking only $74,500 is a clear attempt to manipulate the pleadings to stay in state court while retaining the ultimate ability to recover more than the jurisdictional amount.[12]

    *ii.* ***Fiesta shows by a preponderance of the evidence that the amount in controversy is likely to exceed $75,000.***

20. Plaintiff's originally filed lawsuit and her current pleadings evidence that the amount in controversy exceeds the jurisdictional limit of this Court. Despite Plaintiff's allegation, it is facially apparent from Plaintiff's state court petition that her claims are likely to exceed the

---

[12] Plaintiff could have filed a binding stipulation, limiting his recovery, with his complaint to ensure that he obtained the state court jurisdiction he desires. He failed to do so.

jurisdictional amount. Plaintiff seeks exemplary damages and damages for categories including medical care, pain and suffering, mental anguish, physical impairment, and lost wages.[13]

21. It is "readily apparent from a reasonable and common-sense analysis" of Plaintiff's pleading that the damages she seeks exceed $75,000. *See*, *e.g.*, *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *3 (N.D. Tex. Oct. 28, 2013) (noting that "it does not take much to exceed $75,000"). Plaintiff seeks to recover damages for, among other things, exemplary damages, and (a) past and future medical care and expenses; (b) past and future pain and suffering; (c) past and future mental anguish; (d) past and future disfigurement; (e) loss of earnings in the past; (f) loss of earning capacity, which "in all probability" will be suffered in the future; past and future loss of household services; (g) "fear of future disease or condition"; and (h) cost of medical monitoring and prevention in the future".[14]

22. In addition, Plaintiff's original lawsuit, filed in October 2020, she sought "monetary relief of $100,000 or less."[15] Plaintiff's new filing of this case, in which she alleges damages of $74,500 or less, in state court after dismissal from a federal court is a blatant attempt at forum shopping. The Court should not allow this.

23. Plaintiff's allegations are sufficient to show that Plaintiff's claim is more likely than not to exceed $75,000. *See De Aguilar*, 47 F.3d at 1412. The actual amount in controversy exceeds the jurisdictional requirement of this Court.

---

[13] Exhibit 3 at ¶¶ 19, 20, 22 A.–P.

[14] *Id.* at ¶¶ 19, 20, 22 A.–P.

[15] *See* Exhibit 5: Plaintiff's October 16, 2020, Petition.

## V.
## Notice

24.  Pursuant to 28 U.S.C. § 1441(d), and to effect removal, Fiesta, as the removing party, will promptly give all parties notice of the filing of this Notice of Removal. Fiesta has filed or will contemporaneously file with the clerk of the state court a notice of the filing of this Notice of Removal.[16]

## VI.
## Exhibits to Notice of Removal

25.  As required by 28 U.S.C. § 1446(a) and Local Civil Rule 81 for the United States District Court for the Southern District of Texas, Fiesta has attached to this Notice of Removal the following numbered exhibits:

| | |
|---|---|
| 1. | Local Rule 81 Index |
| 2. | The docket sheet for Cause No. 1166205: *Barbara Cohn v. Fiesta Mart, LLC*; in the County Court at Law No. 2 for Harris County, Texas. |
| 3. | Plaintiff's Original Petition, filed March 17, 2021 |
| 4. | Executed Citation for Fiesta Mart, LLC |
| 5. | Plaintiff's October 2020 Petition; |
| 6. | Order Denying Motion to Remand, dated January 7, 2021 |
| 7. | Order of Dismissal, dated January 8, 2021 |
| 8. | List of Counsel of Record |
| 9. | Notice of Removal in State Court |
| 10. | Affidavit of Michael Saltzstein |

---

[16] A copy of the notice to be filed is attached hereto as Exhibit 9.

## **CONCLUSION**

Defendant Fiesta Mart, LLC respectfully removes this action from the County Court at Law No. 2 of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

By: */s/ Jeryn Roberts*
David Toney (Attorney-in-Charge)
State Bar No. 00797561
S.D. Tex. No. 17174
Jeryn Roberts (Of Counsel)
State Bar No. 24091802
S.D. Tex. No. 3498977
**ADAMS AND REESE LLP**
1221 McKinney, Suite 4400
Houston, Texas 77010
Telephone:  (713) 652-5151
Telecopier:  (713) 652-5152
David.Toney@arlaw.com
Jeryn.Roberts@arlaw.com

**ATTORNEYS FOR DEFENDANT FIESTA MART, LLC**

8

## CERTIFICATE OF SERVICE

The undersigned Counsel hereby certifies that the foregoing has been served via ECF and/or email on this 26th day of April 2021, to the following:

Joseph Onwuteaka
State Bar No. 15291300
8323 Southwest Freeway, Suite 650
Houston, Texas 77074
Tel.: (713) 271-5760
Fax. (713) 271-9206
lawaction@aol.com
ATTORNEY FOR PLAINTIFF

*/s/ Jeryn Roberts*
Jeryn Roberts