IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA COHN, | § | |
| Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. 21-cv-1362 |
| FIESTA MART, LLC, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

### I.    Background

Barbara Cohn sued Fiesta Mart, LLC, in state court alleging that she slipped and fell in a Fiesta Mart store in Houston. (Docket Entry No. 1-5 at ¶¶ 9—12). Fiesta Mart removed to this court. (Docket Entry No. 1). Cohn now moves to remand, arguing that Fiesta Mart and Cohn are not diverse and that the amount in controversy is below $75,000. (Docket Entry No. 7 at 2). Fiesta Mart responded. (Docket Entry Nos. 12.) Based on the pleadings, the motion, and the reply, the motion for remand is denied.

### II.    Legal Standard

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $ 75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

The amount in controversy is determined at the time of removal. "[T]he proper procedure is to [initially] only look at the face of the complaint and ask whether the amount in controversy

[is] likely to exceed [$75,000]." *Jones v. Compass Bancshares Inc.,* 339 Fed. Appx. 410, 411 (5th Cir. 2009) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93 (1938)). When a pleading does not allege a specific damages amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *DeAguilar v. Boeing Co.* (DeAguilar I), 11 F.3d 55, 58 (5th Cir. 1993.) The defendant can show the amount in controversy is greater than $75,000 if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2)[the defendant] sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720 at 723 (5th Cir. 2002) (quotation marks omitted).

If the record shows that the remand requirements were met when the case was removed, the plaintiff cannot avoid federal jurisdiction by later requesting damages below the jurisdictional minimum. *Coburn v. American General Life and ACC. Ins. Co.,* No. 12-CV-3678, 2013 WL 2289937, at *1 (S.D. Tex. May 22, 2013) (citing *St Paul Mercury,* 303 U.S. at 292–93). "While post-removal affidavits may be considered in determining the amount of controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If it is facially apparent at the time of removal that the amount in controversy requirement is met, later events reducing the amount in controversy do not deprive the district court of jurisdiction. *Lewis v. State Farm Lloyds,* 205 F.Supp.2d 706 (S.D. Tex. 2002).

### III. Analysis

#### A. Diversity

Cohn argues that Fiesta Mart has not shown there is complete diversity between the plaintiff and defendant. (Docket Entry No. 7 at 2). Fiesta Mart alleges it is a citizen of Delaware and California. (Docket Entry No. 12 at 1). Fiesta Mart is a is a limited liability corporation, and its sole member is Bodega Latina Corporation, which is incorporated in Delaware and has principal place of business in California. (Docket Entry No. 1-9). Cohn is a citizen of Texas. (Docket Entry No. 1 at ¶ 9). The parties are diverse.

#### B. Amount in Controversy

Cohn alleges that the amount in controversy is not greater than $75,000 because she "seeks monetary relief of less than $74,500.00." (Docket Entry No. 7 at 2). Fiesta Mart responds that this is a bad faith attempt to avoid jurisdiction. (Docket Entry No. 12 at 5). In her petition, Cohn sought damages for past and future medical care, past and future physical and mental anguish, past and future loss of household services. (Docket Entry No. 1-5 at ¶ 22). At the time of removal, Cohn was still receiving medical care for unspecified injuries from her fall. (Docket Entry No. 7). She did not allege specific damages under the jurisdictional limit. (Docket Entry 1-5 at ¶¶ 21–23). From the face of the petition, her damages were likely to exceed $75,000 at time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1336. Cohn's assertion of damages less than the jurisdictional threshold does not avoid jurisdiction. *See Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d at 883.

## III. Conclusion

Because both parties are diverse and the amount in controversy was greater than $75,000 at time of removal, Cohn's motion to remand, (Docket Entry No. 7), is denied.

SIGNED on June 18, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge