United States District Court
Southern District of Texas

**ENTERED**
November 02, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BARBARA COHN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1362 |
| | § | |
| FIESTA MART, LLC, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Barbara Cohn alleges that she slipped and fell on a wet part of the floor while shopping at a Fiesta grocery store in Houston in June 2020.  (Docket Entry No. 1-3 at 2).  Fiesta has moved for summary judgment, arguing that under Texas law, the negligence claim fails because this is only a premises liability claim, the premises liability claim fails because the record does not support an inference that Fiesta knew about the puddle long enough to have a duty to take reasonable actions to remove it, and the gross negligence claim fails because the negligence and premises liability claims both fail.  Finally, Fiesta argues that the record does not support damages for lost wages or earning capacity.  (Docket Entry No. 17).  Cohn has not responded to the motion.

Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion for summary judgment and enters final judgment by separate order.  The reasons are set out below.

**I.      The Rule 56 Standard**

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019)

(quoting FED. R. CIV. P. 56(a)).  "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citations and internal quotation marks omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings."  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim.  *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).  "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."  *Lamb v. Ashford Place Apartments LLC*, 914 F.3d 940, 946 (5th Cir. 2019) (citation and internal quotation marks omitted).  In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor."  *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)).

II.     **Analysis**

A.     **Negligent Activity**

Because this court's jurisdiction is based on diversity, state law applies.  *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000).  Fiesta argues that Texas law does not permit a negligence or gross negligence claim on the facts Cohn alleged and that the summary judgment record presents.

Premises liability claims fall into two categories: negligent activities and premises defect claims. "When distinguishing between a negligent activity and a premises defect, [the Texas Supreme Court] has focused on whether the injury occurred by or as a contemporaneous result of the activity itself—a negligent activity—or rather by a condition created by the activity—a premises defect." *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 388 (Tex. 2016) (citation omitted). A negligent activity claim requires a plaintiff to show that she was "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted). The Texas Supreme Court has "repeatedly characterized . . . slip-and-fall claims as premises defect cases because the injuries were alleged to have resulted from physical conditions on property," not from a contemporaneous activity. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017). Cohn alleges that she was injured by a dangerous condition—a puddle—on the Fiesta floor.

Under Texas law, this is a classic presentation of a premises defect claim, not a negligent activity claim. *See H.E. Butt Grocery Co., v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992) (only a premises liability claim existed for a plaintiff who slipped on a puddle comprised of water, chicken blood, and other fluids). And there is not sufficient evidence to support a claim of gross negligence, which requires a plaintiff to show that "(1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have [had] actual, subjective awareness of the risk involved, but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others." *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (per curiam) (quoting *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001)); *see also* TEX. CIV. PRAC. & REM. CODE § 41.001(11). The record evidence shows a

3

puddle of liquid that was on the floor for an uncertain amount of time.  Summary judgment is granted as to the gross negligence claim.

The motion for summary judgment as to the negligence and gross negligence claims is granted.

### B.    Premises Liability

Under Texas law, "a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)).  "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries." *Id.* (citing *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).

A plaintiff may satisfy the knowledge element in a slip-and-fall case by pointing to evidence showing that: "(1) the defendant caused the condition; (2) the defendant actually knew of the condition; or (3) 'it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.'" *Id.* (quoting *McCarty*, 864 F.3d at 358).  The summary judgment record does not show that Fiesta caused the liquid to be on the floor or had actual knowledge of the hazard.

Nor does it show constructive knowledge, which "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566,

567 (Tex. 2006) (per curiam).  This question requires analyzing "the combination of proximity, conspicuity, and longevity"—that is, courts examine the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place.  *Id.* at 567–68.  For a premises owner to be charged with constructive knowledge, a dangerous condition must have "existed for some length of time." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002).  If the dangerous condition is conspicuous, "then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* at 816.  "[I]f an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.*  An inconspicuous hazard that has existed for longer than ten minutes has been considered to be legally insufficient to show constructive knowledge.  *See, e.g.*, *Shirey v. Wal-Mart Stores Texas, LLC*, 699 Fed. Appx. 427, 429 (5th Cir. 2017) (per curiam) (grape on floor for 17 minutes); *Brookshire Food Stores, LLC v. Allen*, 93 S.W.3d 897, 901 (Tex. App.—Texarkana 2002, no pet.) (grapes on floor for 15 minutes).

Cohn testified in her deposition that she did not know how long the wet substance had been on the floor.  (Docket Entry No. 17-1 at 28–29).  There is no evidence that anyone saw the substance—which Cohn described as a pinkish liquid—before Cohn slipped.  (*Id.* at 27).  Nor is there evidence that an employee was in close proximity to it for a significant period before Cohn slipped.

The summary judgment evidence does not support an inference of notice to Fiesta triggering a duty to remove the liquid.  Summary judgment is granted on the premises liability claim.

5

**III.     Conclusion**

Fiesta's motion for summary judgment, (Docket Entry No. 17), is granted.  Final judgment

is entered by separate order.

SIGNED on November 1, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge